RANGER REALTY COMPANY, a Florida Corporation, v. FLOYD W. AUSTIN, et al.

167 So. 532.
Opinion Filed April 11, 1936.

*Albert B. Bernstein,* for Appellant;
*C. C. Youmans,* for Appellees.

WHITFIELD, C. J.—Ranger Realty Company, a Florida corporation, brought suit under the statute against Floyd W. Austin and Edith M. Austin, his wife, Phoenix Farms, Inc., a Florida corporation, and others to foreclose the lien of a tax deed issued by the clerk of the Circuit Court upon a tax sale certificate covering described land issued to the plaintiff by the City of Miami for unpaid city *ad valorem* taxes for the year 1929. It is alleged that the defendant, Floyd W. Austin, is the owner of record of the land; that the defendant, Phoenix Farms, Inc., has a mortgage against the property; and that other defendants have or claim some right or interest in the land.

Plaintiff alleges that it has a "lien for the amounts paid for said tax deed and for omitted and subsequent taxes," etc.; and prays that the amount found to be due plaintiff "be declared to be the lien in favor of plaintiff upon the property"; that the property "be sold as the said court may direct"; that "in case of such sale" defendants be foreclosed, etc.

Final decree was rendered for the plaintiff, the decree adjudging:

"That upon effecting the sale of said property in the manner and form herein prescribed, the said Special Master shall make a report unto this court of his actions in the premises, and, upon such sale being confirmed by this court, the said Special Master shall execute and deliver to the purchaser or purchasers of said property at said sale a Master's deed or deeds conveying to said purchaser or purchasers the property purchased at said sale; and, upon said sale being confirmed and a Master's deed being delivered to the purchaser, the said purchaser shall be entitled to possession of the property described in said Master's deed.

"That upon the sale being made in the manner aforesaid, the defendants to this cause, and each of them, and all persons claiming by, through or under them since the institution of this suit and the filing of the *lis pendens* notice herein, be forever foreclosed and barred of any and all right of equity or redemption, or claim, or right whatsoever, in and to the property as described and sold under this decree."

A sale of the property was made and at the time a confirmation of the sale was asked for, the defendant, Phoenix Farms, Inc., who held a mortgage upon the property, asked to be allowed to redeem it, whereupon the court made the following order:

"The above styled and entitled cause coming on before this Court to be heard upon motion for confirmation of sale, and Phoenix Farms, Inc., a party defendant in said cause, having this day in open court announced that it was able, ready and willing to pay up said decree together with all costs, it is thereupon

"CONSIDERED, ORDERED, ADJUDGED AND DECREED that said sale be not confirmed, and that upon the default of the said Phoenix Farms, Inc., to make payment of said decree

together with all costs and interest within twenty-four hours, as it announced in open court it is now ready, able and willing to do, that said master's sale stand confirmed."

An appeal was taken by the plaintiff and it is contended that it was error to allow redemption of the property after a sale had been made under the decree of foreclosure, even though the sale had not been confirmed.

The tax deed was treated as a lien and foreclosure of the lien was sought under the statute. The plaintiff asked that a lien be decreed; that the premises be sold "as the said court may direct"; and that "in case of *such* sale," the defendants be barred and foreclosed of all right, title and interest in the property. The decree adjudged that upon effecting the sale of said property *in the manner and form herein prescribed,* the master shall make a report of his actions in the premises, and, *upon such sale being confirmed by this court,* the master shall execute and deliver a deed, etc.; that *upon said sale being confirmed* and a master's deed being delivered to the purchaser, the purchaser shall be entitled to possession, etc.; and that *upon the sale being made in the manner aforesaid,* the defendants shall be barred, etc.

Until confirmed by the court the sale was incomplete. The court made confirmation of the sale, conditional upon the failure of the defendants lien holder to redeem according to the terms of the order allowing redemption. No error is made to appear.

Affirmed.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.